UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED SERVICES AUTOMOBILE
ASSOCIATION, USAA CASUALTY
INSURANCE COMPANY, USAA GENERAL
INDEMNITY COMPANY, and GARRISON
PROPERTY AND CASUALTY INSURANCE
COMPANY,

                 Plaintiffs,

      v.

JONATHAN LANDOW, M.D.,
MACINTOSH MEDICAL, P.C.,
ATLANTIC MEDICAL & DIAGNOSTIC,
P.C., JOHN AND JANE DOES "1" – "10",
THE ABC CLINICS, and THE ABC
REFERRAL ENTITIES,

                 Defendants.

MEMORANDUM & ORDER
24-CV-03471 (MMH) (NRM)

NINA R. MORRISON, United States District Judge:

Plaintiffs United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company, and Garrison Property and Casualty Insurance Company have moved for an order to show cause for a temporary restraining order against Defendants Jonathan Landow, M.D., Macintosh Medical, P.C., Atlantic Medical & Diagnostic, P.C., and various other individuals, clinics, and referral entities. In the underlying action, Plaintiffs allege that Defendants conspired together in a yearslong scheme to submit hundreds of fraudulent no-fault insurance claims to Plaintiffs.

This action was filed on May 10, 2024. Compl., ECF No. 1. On December 19, 2024, Plaintiffs filed a motion for preliminary injunctive relief, asking that the Court

1

stay all pending no-fault collection arbitrations by Defendants against USAA and enjoin Defendants from commencing any further no-fault insurance collection arbitrations or litigations against USAA pending resolution of the action.  Mot. to Stay and Enjoin ("PI Mot.") at 1, ECF No. 17.  The parties jointly consented to have Magistrate Judge Marcia M. Henry preside over that motion.  Order granting Consent dated June 2, 2025, ECF No. 29.

On January 30, 2026, while their motion for a preliminary injunction was still pending before Judge Henry, Plaintiffs filed a motion for leave to amend their complaint to add additional defendants and allegations.  Mot. for Leave to Amend Compl., ECF No. 47.  Judge Henry then denied Plaintiffs' December 2024 motion for a preliminary injunction as moot and directed them to refile a revised motion within fourteen days after a decision on the motion for leave to amend.  Dkt. Order dated Feb. 5, 2026.

On July 8, 2026, the parties appeared before Judge Henry for oral argument on the motion for leave to amend.  At that conference, Judge Henry reserved decision, and noted that any renewed motion for preliminary injunction following her resolution of the motion for leave to amend would be before the undersigned.  Tr. of Proceedings on July 8, 2026 at 45, ECF No. 78.

Plaintiffs now assert that immediately following the July 8, 2026 conference, Defendants "filed more than 500 piecemeal collection arbitrations against Plaintiffs," seeking to collect in excess of $1 million.  Mem. in Supp. of Mot. for Order to Show Cause ("TRO Mot.") at 2, ECF No. 74-1.  They thus filed the instant motion, asking

2

that Defendants be ordered to show cause why a temporary restraining order ("TRO") should not be issued pending briefing and resolution of any renewed motion for a preliminary injunction. *Id.* at 5. Defendants filed their opposition on July 16, 2026, ECF No. 76, and Plaintiffs filed a reply in support of their motion on July 17, 2026, ECF No. 79.

The requested relief that Plaintiffs now seek is essentially what was requested in Plaintiff's initial motion for preliminary injunctive relief: that any no-fault collection arbitrations by Defendants against USAA be stayed, and that Defendants be enjoined from commencing any no-fault collection arbitrations against USAA. Plaintiffs ask for the same relief as to any no-fault insurance collection lawsuits in state court.

A party seeking a temporary restraining order must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a [temporary restraining order] is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018); *see AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) ("It is well established that the standard for an entry of a temporary restraining order is the same as for a preliminary injunction."). The Court finds that Plaintiffs here have satisfied all three of those prongs with respect to their request, particularly in light of two recent Second Circuit decisions that have upheld grants of preliminary injunctive relief by district courts under substantially similar circumstances. *See*

3

*Gov't Emps. Ins. Co. v. Patel*, 166 F.4th 280 (2d Cir. 2026); *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59 (2d Cir. 2024).

The Court thus construes Plaintiffs' motion for order to show cause as to why a TRO should not be issued as a motion for a temporary restraining order. That motion is GRANTED. Specifically, until this Order expires on the date and time listed below, or is extended for good cause shown or otherwise:

All no-fault collection arbitrations pending before the American Arbitration Association between Plaintiffs and Defendants are hereby stayed, and Defendants are enjoined from commencing any further no-fault insurance collection arbitrations against Plaintiffs. Similarly, all state court no-fault insurance collection lawsuits between Plaintiffs and Defendants are stayed, and Defendants are enjoined from commencing any no-fault insurance collection lawsuits against Plaintiffs.

To expedite resolution of the motion, the parties are hereby relieved of any obligation they may have had under Judge Henry's February 5, 2026 order to abstain from filing a motion for preliminary injunctive relief until after the adjudication of Plaintiffs' pending motion for leave to file an amended complaint. On or before July 26, 2026, Defendants are directed to show cause as to why this temporary restraining order should not be converted into a preliminary injunction. Plaintiffs shall file any reply within five days of Defendants' response to the order to show cause.

If Defendants consent to an extension of this temporary restraining order past the 14-day period, the parties may jointly propose the length of that extension and a

4

correspondingly extended briefing schedule. In their briefing, Defendants shall address whether and how the factors for preliminary injunctive relief here are distinguishable from those weighed in the two preliminary injunctions issued against Defendants in this District in similar contexts. *See Allstate Ins. Co. v. Landow*, No. 24-CV-2010 (DLI) (JRC), 2026 WL 866199 (E.D.N.Y. Mar. 30, 2026); *State Farm Mut. Auto. Ins. Co. v. Atl. Med. & Diagnostic, P.C.*, No. 26-CV-1084 (OEM) (JAM), 2026 WL 1162795 (E.D.N.Y. Apr. 29, 2026).

Because "[c]ourts have repeatedly found that . . . claims of fraud pertaining to [New York's no-fault laws] involve the enforcement of public interests," this action "falls squarely within the public interest exception" to Federal Rule of Civil Procedure 65(c). *Gov't Emps. Ins. Co. v. Landow*, No. 21-CV-1440 (NGG) (RER), 2022 WL 939717, at *14 (E.D.N.Y. Mar. 29, 2022). Accordingly, the Court GRANTS Plaintiffs' motion to waive their obligation to post security.

This Order shall expire on August 4, 2026 at 4:00PM, unless it is extended for good cause or otherwise.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:     July 21, 2026 at 4:45PM
           Brooklyn, New York

5